UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSHUA RYAN SINCLAIR,

                Plaintiff,

    v.

THE RALPH & JOAN FORGIONE
ESTATES, et. al.,

                Defendants.

_____

**DECISION AND ORDER**

6:22-CV-06398 EAW

## **INTRODUCTION**

*Pro se* plaintiff Joshua Ryan Sinclair ("Plaintiff") brings this action alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290-297, against Defendants the Ralph & Joan Forgione Estates; Anthony Forgione (Successor Trustee of the Ralph & Joan Forgione Estates); Realty Exchange, LLC; CSL Systems; Clinton Stone, LLC; Water Song Development; Auto Locators; and Eastcorp Properties (collectively "Defendants"). (Dkt. 1 at 1-2). Plaintiff has submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and affirmation in support thereof. (Dkt. 2). He also filed a motion for service by the U.S. Marshal (Dkt. 3) and motion for the appointment of counsel (Dkt. 4).

The Court grants Plaintiff's motion to proceed *in forma pauperis*. Having reviewed the complaint as required by 28 U.S.C. § 1915, the Court finds that Plaintiff's Title VII and NYHRL claims are subject to dismissal. However, Plaintiff will be granted an opportunity

to attempt to remedy the defect as discussed below.  Plaintiff's motions for service and for the appointment of counsel are denied without prejudice.

## BACKGROUND

In bringing suit, Plaintiff used a form discrimination complaint that prompts a litigant to place check marks next to, for example, the laws under which the litigant wishes to bring claims and the characteristic based on which the defendant engaged in discriminatory conduct.  (Dkt. 1).  The following facts are taken from Plaintiff's form complaint.  (*Id.*).  As required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

Plaintiff worked as a volunteer live-in caregiver for Ralph Forgione, now deceased, for over ten years.  (*Id.* at 4).  Defendant Anthony Forgione, the son of Ralph and Joan Forgione and the successor trustee of the Ralph & Joan Forgione estates, hired Plaintiff to housesit and to provide 24-hour security at the home after Ralph Forgione passed away on November 28, 2020.  (*Id.*).  In addition to employment, Anthony Forgione promised Plaintiff money from Ralph Forgione's living trust as well as a car, and indicated that whenever Plaintiff and his family moved out of the Forgione home, he would be entitled to payment of moving expenses and provision of a place to live until he could find another caregiving assignment.  (*Id.* at 8).  It became obvious to Plaintiff that Anthony Forgione was discriminating against him on the basis of his race and color and never intended to pay Plaintiff, as promised.  (*Id.*).  When Plaintiff complained to Anthony Forgione about the lack of payment, Anthony Forgione called Plaintiff "evil" and accused Plaintiff of betraying him.  (*Id.* at 4).  Anthony Forgione began to harass and retaliate against Plaintiff

and his family and refused to hire Plaintiff to be a caregiver for Anthony Forgione's sister, as she requested.  (*Id.*).

On his form complaint, Plaintiff names his employer as Defendants the Ralph & Joan Forgione Estates; Anthony Forgione (Successor Trustee of the Ralph & Joan Forgione Estates); Realty Exchange, LLC; CSL Systems; Clinton Stone, LLC; Water Song Development; Auto Locators; and Eastcorp Properties.  (*Id.* at ¶ 2).  He indicates that the number of employees is: "2+(?)."  (*Id.*).

## DISCUSSION

### I.   Plaintiff's Motion for *In Forma Pauperis* Status is Granted

Plaintiff's motion for *in forma pauperis* status and affirmation of poverty in support thereof have been reviewed in accordance with 28 U.S.C. § 1915(a)(1).  Plaintiff has met the statutory requirements for *in forma pauperis* status, and, therefore, permission to proceed *in forma pauperis* is granted.

### II.   Legal Standard

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements."  *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017).  In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor.  *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).  Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt

determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

### III.   Plaintiff's Claims

#### A.  Title VII

As a threshold matter, "[t]he existence of an employer-employee relationship is a primary element of [a] Title VII claim[]." *Stoutenger v. City of Fulton*, 605 F. Supp. 3d 432, 451 (N.D.N.Y. 2022) (quoting *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 226 (2d Cir. 2014). Title VII defines the term employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . ." 42 U.S.C. § 2000e(b); *see also Gordon v. APS Contractors Inc*., No. 21-CV-00259-WFK-JRC, 2023 WL 2574740, at *5 (E.D.N.Y. Mar. 20, 2023) ("An employer is not subject to the provisions of Title VII, unless the employer has at least fifteen employees." (citing *Arculeo v. On-Site Sales & Mktg*., LLC, 425 F.3d 193, 195 (2d Cir. 2005))). The "requirement of fifteen or more employees is a substantive element of a plaintiff's Title VII claim." *Dubie v. Buffalo Concrete Accessories, Inc.*, No. 21-CV-744-LJV, 2022 WL 17822125, at *5 (W.D.N.Y. Dec. 20, 2022) (citing *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 504, 516 (2006)).

Here, Plaintiff's Title VII claim must be dismissed because he has failed to plead the required element that Defendants employed more than 15 employees. *See Johnson v. Allick*, No. 18-CV-7171 (MKB), 2019 WL 569106, at *4 (E.D.N.Y. Feb. 12, 2019) ("In

filing a Title VII claim, the number of employees a defendant has is a substantive element of a plaintiff's claim." (citing *Arbaugh*, 546 U.S. at 504 ("[T]he employee-numerosity requirement relates to the substantive adequacy of [plaintiff's claim]."))).  Here, not only does Plaintiff's complaint not make clear the nature of his employment relationship with respect to each of the multiple Defendants, but it suggests that even in the aggregate, Defendants collectively employ "2+(?)" employees.[1]  While this may fairly be read to reflect some number of employees greater than two, it is not sufficiently plead for the Court to conclude that there exists the requisite 15 or more employees to support a plausible Title VII claim.  *See Smith v. Yale*, No. 3:21-CV-1168(AWT), 2021 WL 6134693, at \*3 (D. Conn. Dec. 29, 2021) ("First, an employer is not covered by the provisions of Title VII unless the employer has at least 15 employees.  *See* 42 U.S.C. § 2000e(b).  Not only does plaintiff fail to allege that defendant has the requisite number of employees, but he inexplicably states that the defendant has "0" employees.  If this Court assumes that Yale University, located in New Haven, Connecticut, is the defendant named in this suit or that plaintiff intended to name another Yale-affiliated entity, then it appears that plaintiff's

---

[1]      "A court may aggregate the employees of two entities under certain circumstances when it appears that a plaintiff's direct employer may not meet the fifteen-employee threshold minimum requirement." *Ingenito v. Riri USA, Inc.*, No. 11-CV-2569 MKB, 2013 WL 752201, at \*5 (E.D.N.Y. Feb. 27, 2013); *see also Popat v. Levy*, 328 F. Supp. 3d 106, 117 (W.D.N.Y. 2018) ("An entity that is not formally the plaintiff's direct employer may also be liable under Title VII.").  Here, there is insufficient information before the Court to demonstrate whether such aggregation would be appropriate or if aggregation would even establish that all of the Defendant entities collectively have the requisite number of employees in this case.  If Plaintiff files an amended complaint, it must make clear the nature of Plaintiff's basis for asserting Title VII claims against all Defendants.

statement that the defendant has "0" employees was simply an inadvertent error that is subject to correction.  At present, however, plaintiff has not alleged that defendant has a sufficient number of employees to bring the defendant within the purview of Title VII."); *Watkins v. Com. Fin. Ass'n*, No. 13-CV-7475-RA, 2014 WL 5017828, at *3-4 (S.D.N.Y. Sept. 29, 2014) (dismissing Title VII claim where the face of complaint failed to establish defendant was an employer employing fifteen or more employees).

### B. NYHRL

Plaintiff alleges a violation of NYHRL as a second cause of action.  Having concluded Plaintiff's federal claim is not viable at this stage of the proceedings, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim unless Plaintiff is able to amend his allegations to assert a viable federal claim.

A district court has discretion to hear state law claims where the relationship between a plaintiff's federal and state claims present "but one constitutional case" and "derive from a common nucleus of operative fact."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (internal quotation marks omitted).  When a federal court dismisses federal claims, the court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

"Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether

to exercise' supplemental jurisdiction." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)).  "Once all federal claims have been dismissed, the balance of factors will 'usual[ly]' point toward a declination." *Id.* (citation omitted); *see also Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.").

In consideration of the relevant factors, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim unless he is able to amend his allegations to assert a viable federal cause of action.  *See Hanton v. Leung*, No. 23-CV-1421(LTS), 2023 WL 3978834, at *3 (S.D.N.Y. June 12, 2023) ("It is not clear that Plaintiff can state any claims of which the Court has original jurisdiction, and thus the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims Plaintiff is asserting."); *Watkins*, 2014 WL 5017828, at *3-4 ("Plaintiff also asserts discrimination and retaliation claims under the NYSHRL and NYCHRL. Having dismissed Plaintiff's Title VII claim against all Defendants, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims. . . . Accordingly, Plaintiff's state law claims are dismissed without prejudice to filing these claims in state court." (citation omitted)).

Accordingly, Plaintiff's Title VII and NYHRL claims are subject to dismissal.  The Court will permit Plaintiff to file an amended complaint in which he must include the necessary allegations clarifying who his employer was and the number of employees for each identified employer.

**IV.**     **Leave to Amend Complaint**

As discussed above, Plaintiff's Title VII claim, as presently alleged, cannot go forward against Defendants.  Plaintiff is granted leave to file an amended complaint **by August 31, 2023**.  Plaintiff is not required to file an amended complaint—but if he fails to do so, his claims will be dismissed without prejudice.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [the original complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Therefore, Plaintiff's amended complaint must include all of the allegations against Defendants, such that the amended complaint may stand alone as the sole complaint in the action.

**V.**     **Motion to Appoint Counsel and Motion for Service by the U.S. Marshal**

Plaintiff has also filed a motion to appoint counsel and a motion for service by the U.S. Marshal.  (Dkt. 3; Dkt. 4).  In support of his motion to appoint counsel, Plaintiff argues that he cannot afford an attorney and has been unable to locate one to take his case.  (Dkt. 4).  With respect to his motion for service, Plaintiff argues he does not have a regular income and requires assistance to serve his summons and complaint.  (Dkt. 3).

Both the motion to appoint counsel and the motion for service by the U.S. Marshal are denied without prejudice because they are premature at this juncture.  Plaintiff may renew these motions if he submits an amended complaint and it proceeds to service and further assistance is necessary.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* is granted.  The Court dismisses Plaintiff's Title VII and NYHRL claims without prejudice.  However, Plaintiff is granted leave to file an amended complaint **by August 31, 2023**, in which he must include the necessary allegations regarding his claims.  If Plaintiff fails to file an amended complaint within that time, the Clerk of Court is directed to dismiss this case without further Order of the Court.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is granted; and it is further

ORDERED that Plaintiff's Title VII and NYHRL claims are dismissed without prejudice; and it is further

ORDERED that Plaintiff's motions to appoint counsel and for service by the U.S. Marshal (Dkt. 3; Dkt. 4) are denied without prejudice; and it is further.

ORDERED that Plaintiff will be provided an opportunity to file an amended complaint **by August 31, 2023**, to remedy the deficiencies set forth herein with respect to his Title VII claims; and it is further

ORDERED that if Plaintiff fails to file an amended complaint **by August 31, 2023**, the Clerk of Court is directed to dismiss the action without prejudice without further action of the Court.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      July 31, 2023
            Rochester, New York